*MICHIGAN MUT. LIFE INS. CO. v. ABNER L. WHITAKER, ADMR.

THIRD VERDICT FOR PLAINTIFF WILL NOT BE SET ASIDE ON WEIGHT OF EVI-
DENCE WHEN STRENGTHENED BY ADDITIONAL AND SUBSTANTIVE
EVIDENCE.

A circuit court on review will not set aside a verdict and judg-
ment for a third time upon the weight of evidence, especially
in a case in which the allegations of the petition are such as
to make it inevitable that the evidence should be conflicting
and since at the last trial plaintiff strengthened his case by
additional and substantive evidence.

ERROR to common pleas court.

*Robert Ramsey,* for plaintiff in error.
*Charles W. Baker,* for defendant in error.

## SMITH, J.

The error relied upon in the above case is that the verdict
and judgment of the trial court is not sustained by sufficient
evidence. This case has been tried three times, at each trial
a verdict and judgment being rendered for defendant in error.

The judges of the circuit courts of this and the second
circuit have heretofore held that the verdicts obtained in the
first and second trials of this cause were not sustained by suffi-
cient evidence and reversed the judgments of the trial court,
the opinion of said courts appearing in *Michigan Mut. L. Ins.
Co.* v. *Whitaker,* 28 O. C. C. 688 (7 N. S. 1), and *Michigan
Mut. L. Ins. Co.* v. *Whitaker,* 29 O. C. C. 362 (9 N. S. 126),
respectively.

After the case had been reversed by the judges of the cir-
cuit court of the second circuit and judgment entered in favor
of the plaintiff in error, defendant in error prosecuted error
to the Supreme Court, which court reversed said circuit court
in entering judgment for plaintiff in error, and remanded the
case to the court of common pleas for a new trial. It is the

, *Affirmed, no op., *Michigan Mut. L. Ins. Co.* v. *Whitaker,* 84 O. S.
476; reaffirmed, 84 O. S. 493.

Hamilton County.

result of this third trial that is now before the court for review.

In the second trial of the case while it appeared that all of the evidence which was offered was read to the jury from the bill of exceptions which had been taken upon the first trial, yet it did not appear that at this second trial all the evidence was offered which had been offered at the first trial. *Whitaker* v. *Insurance Co.* 77 Ohio St. 518. .

In the present voluminous record bringing to this court the evidence offered at the third trial we find new and additional testimony therein on behalf of defendant in error that was not disclosed by the former records. The testimony of Dr. Haerr and Dr. C. C. Agin materially differs from that given by them at the former trials of the case, in regard to the soundness of the lungs of the decedent, as to whether or not he had valvular heart lesion; that a blow upon the spleen would cause it to become enlarged in a short time and thus affect the condition of the heart; with evidence also tending to show that at the time of the post-mortem held upon the deceased these various organs with the exception of the spleen were sound. .

There was also introduced evidence from another and new witness, Dr. J. B. Wilson, who testified that he had examined the deceased for admission to the lodge of Elks in this city and that he had found his lungs healthy, and that there was no valvular heart lesion.

In the opinion of the judges of the circuit court of the second circuit in the case in which it entered judgment for plaintiff in error, the court said:

"Remanding the case in the former proceedings in error for another trial would then be for the purpose only to secure to the plaintiff below another opportunity to strengthen his case by additional testimony if he could, and not for the purpose of having again reviewed by this court the same testimony and record before it in the former proceedings."

The record before us now presents the case in a different light than in the former trials of the case, as the new and additional evidence introduced by defendant in error we think is substantial.

Under the allegations of the pleadings it is natural that the evidence would be conflicting, and in the trial of such a case where there has been three findings by a jury in favor of defendant in error's claim, new evidence being introduced at the last hearing in his behalf, it would seem that a reviewing court might well hesitate to set aside the verdict thus returned upon the ground that the same is not sustained by sufficient evidence.

The court has had the evidence in this case under consideration for some time, and is of the opinion that upon the record as now presented the finding of the jury should be sustained, and as there are no errors therein the judgment will be affirmed.

**Giffen** and **Swing, JJ.**, concur.